IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) **JACKIE GAIL CURTIS**, individually;
(2) **DONNIE R. YARBROUGH**, individually
and as husband of Cathy Yarbrough d/b/a **D&C
CUSTOM BRUSH HOGGING**;
(3) **CATHY YARBROUGH**, individually and as
wife of Donnie R. Yarbrough d/b/a **D&C
CUSTOM BRUSH HOGGING**;
(4) **COLTON YARBROUGH**, individually;
(5) **DALTON YARBROUGH**, individually;
(6) **JESSICA YARBROUGH,** individually and
as class representative on behalf of herself an all other
similarly situated;
(6) **GARRETT KIZZIA**, individually;
(7) **ROBERT BRUCE FISHER**, individually;
(8) **THE ESTATE OF BILLY TERRILL
KIZZIA**, Sheila Kizzia as Administrator of the Estate
of Billy Terrill Kizzia (deceased);
(9) **SHEILA KIZZIA**, individually and as
husband and wife of Billy Terrill Kizzia (deceased);
(10) **DAN ROSSON**, a/k/a William D. Rosson,
individually and d/b/a **ROSSON SPEED &
MARINE** and **R & S TRACTORS**;
(11) **DANNY KIZZIA**, individually,
(12) **RITA BALLINGER**, individually;
(13) **THE ESTATE OF JOSEPH
SCHMIDGALL,** deceased;
(14) **STEVEN L. HINDS,** individually and as
class representative on behalf of himself and all others
similarly situated;
(15) **TAWNYA HINDS,** individually,

 Plaintiff,

*v.*

(1) **FIRSTAR FINANCIAL
CORPORATION**, an Oklahoma corporation;
(2) **FIRSTAR BANK**, an
Oklahoma bank and as successor by merger to Fort
Gibson State Bank;

Case No. CIV-24-243-GLJ

Muskogee County District
Court Case No. CJ-2024-52

(3) **FORT GIBSON STATE BANK,** an
Oklahoma Bank;
(4) **TONY STOCKTON,** deceased
a/k/a Anthony Ray Stockton;
(5) **FORT GIBSON BANCSHARES, INC.**;
an Oklahoma corporation;
(6) **THREE RIVERS BANKSHARES,
INC.**, an Oklahoma corporation;
(7) **SUSAN CHAPMAN,** individually and as Vice
President of Fort Gibson State Bank;
(8) **MATT HENDRIX,** individually and as officer
of the Fort Gibson State Bank, Firstar Bank, and Fort
Gibson Bancshares, Inc.

Defendants.

## NOTICE OF REMOVAL

Defendants Firstar Financial Corporation and Firstar Bank (collectively, "Firstar

Defendants") remove this action from the District Court of Muskogee County, Oklahoma,

to the United States District Court for the Eastern District of Oklahoma under 28 U.S.C.

§§ 1331, 1441(a), and 1446. In support of this removal, Firstar Defendants state:

1.      Plaintiffs filed this action in Muskogee County District Court on February 20,

2024, against Firstar Defendants and the other above-listed Defendants.

2.      In its *Petition*, Plaintiffs assert, *inter alia*, claims against all defendants for

racketeering and conspiracy in violation of the Racketeer Influenced and Corrupt

Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*—a federal cause of action.

3.      Because Plaintiff's *Petition* asserts a federal cause of action, it is removable to

this Court under 28 U.S.C. §§ 1331, 1441(a).

2

4859-8378-9264, v. 1

4.      Where, as here, a case is removable from the outset, a defendant has 30 days from receipt of the initial pleading to file its notice of removal. 28 U.S.C. § 1446(b)(1). Here, Firstar Defendants have not been served with the *Petition* but hereby waives service effective as of this filing. *Lambert v. Int'l Union of Bricklayers & Allied Craftworkers*, 2023 WL 4581426, at *4 (D.D.C. July 18, 2023) (noting that with the exception of certain cases removed based on diversity of citizenship "formal service is not required before removing a case"). As such, this *Notice of Removal* is timely filed.

5.      None of the other Defendants in the case have been served or otherwise waived service. As such, their consent to this *Notice of Removal* is unnecessary. *Coppedge v. Cabot Norit Americas, Inc.*, 2020 WL 967339, at *2 (N.D. Okla. Feb. 27, 2020) ("[I]t was not necessary for defendants to obtain the consent of unserved defendants before filing a notice of removal."); *accord Scott v. Est. of Hershel*, 2016 WL 4921428, at *2 (E.D. Okla. Sept. 15, 2016).

6.      Under 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on the defendant must be filed with the notice. All process and filings in Muskogee County District Court as of this date are attached. *See* Ex. 1–3. No other pleadings or motions were filed as of the date of filing this *Notice of Removal*. Ex. 4.

7.      All conditions and procedures for removal have been satisfied.

8.      Written notice of the filing of this *Notice of Removal* will be given promptly to Plaintiffs' counsel and the Clerk for the District Court of Muskogee County, Oklahoma, as required by 28 U.S.C. § 1446(d).

3

9.     Under Fed. R. Civ. P. 81(c)(2)(A), Firstar Defendants will file and serve their answer or other responsive motion within 21 days of the filing of this *Notice of Removal*.

WHEREFORE, Defendant Firstar Financial Corporation and Firstar Bank remove this action from the District Court of Muskogee County to the United States District Court for the Eastern District of Oklahoma.

DATED:12 July 2024

Respectfully submitted,

*/s/ Justin A. Lollman*
R. Trent Shores, OBA No. 19705
Justin A. Lollman, OBA No. 32051
GableGotwals
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800
*tshores@gablelaw.com*
*jlollman@gablelaw.com*

**Counsel for Defendants Firstar**
**Financial Corporation and**
**Firstar Bank**

## CERTIFICATE OF SERVICE

I certify that on 12 July 2024, a copy of the above and foregoing document was mailed, postage prepaid, and by electronic mail to the following counsel of record:

James G. Wilcoxen
Wilcoxen & Wilcoxen
P.O. Box 357
Muskogee, OK 74402

Jeff Potts
Jeff Potts Law Office
1300 North Main Street
Muskogee, OK 74401
918-949-8901
*jeffpottslawoffice@att.net*

**Counsel for Plaintiffs**

*/s/ Justin A. Lollman*
Justin A. Lollman

4