# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE GAIL CURTIS; DONNIE R. YARBROUGH and CATHY YARBROUGH; DONNIE R. YARBROUGH and CATHY YARBROUGH d/b/a D&C CUSTOM BRUSH HOGGING; COLTON YARBROUGH, JESSICA YARBROUGH, individually and on behalf of herself and all others similarly situated; GARRETT KIZZIA; ROBERT BRUCE FISHER; SHEILA KIZZIA, individually and as Administrator of the Estate of Billy Terrill Kizzia; DAN ROSSON a/k/a WILLIAM D. ROSSON; DAN ROSSON d/b/a ROSSON SPEED & MARINE; DAN ROSSON d/b/a R & S TRACTORS; DANNY KIZZIA; RITA BALLINGER; THE ESTATE OF JOSEPH SCHMIDGALL; STEVEN L. HINDS, individually and on behalf of himself and all others similarly situated; and TAWNYA HINDS, <br><br>     Plaintiffs, <br><br>v. <br><br>FIRSTAR FINANCIAL CORPORATION; FIRSTAR BANK; FORT GIBSON STATE BANK;TONY STOCKTON a/k/a ANTHONY RAY STOCKTON; FORT GIBSON BANCSHARES, INC.; THREE RIVERS BANCSHARES, INC.; SUSAN CHAPMAN; and MATT HENDRIX, <br><br>     Defendants. | Case No. 24-cv-243-JFH-GLJ |

# REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand. Plaintiffs instituted this action in state court in Muskogee County, Oklahoma against the above-named Defendants. Firstar Financial Corporation removed this action based on federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq*. *See* Docket No. 2 ("Notice of Removal"). Plaintiff now seeks to have the case remanded to state court because there is not complete diversity among the parties, the basis for federal-question jurisdiction, the Racketeer Influenced and Corrupt Organization Act ("RICO"), shares concurrent jurisdiction with states, and not all defendants consented to removal. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. *See* Docket No. 18. For the reasons set forth below, the undersigned Magistrate Judge finds the Plaintiffs' Motion to Remand [Docket No. 11] should be DENIED.

## Procedural History

Plaintiffs, who are all Oklahoma residents, filed this action on February 20, 2024, in state court in Muskogee County, Oklahoma, in Case No. CJ-2024-52. Plaintiffs assert six claims, including two RICO claims against all defendants, one RICO claims against Defendants Tony Stockton, Matt Hendrix and Susan Chapman, and three state law claims against all defendants for breach of contract, fraud and intentional infliction of emotional distress. *See* Docket No. 2, Ex. 2. Additionally, the petition alleges a putative class action against all defendants on the claims noted above. *Id*. On July 12, 2024, Defendant

Firstar Financial Corporation removed this action based on federal-question jurisdiction because the RICO claims arise under 18 U.S.C. §§ 1962(c), 1962(d) and 1964. *See* Docket No. 2, Ex. 2.  On August 13, 2024, Plaintiffs moved to remand, asserting Oklahoma has concurrent jurisdiction over the RICO claims, not all the Defendants consented to removal, lack of diversity, and there are other related cases pending in Oklahoma District Court in Muskogee County, Oklahoma.  *See* Docket No. 11.

## Analysis

### I.    Legal Standard

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress.  *See* U.S. Const. art. III, § 2, cl. 1, & *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1331, "[t]he district courts . . . have original jurisdiction of all civil actions arising under the Constitution [or] laws . . . of the United States."  Under 28 U.S.C. § 1441(a), a defendant has the right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.,* 264 F.3d 1271, 1280 (10th Cir. 2001)).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002); *see also*

*McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 332, 333 (10th Cir. 1982).

**II.     Remand**

Firstar Financial removed this action to federal court based on federal-question jurisdiction because two of the claims asserted against it arise out of the federal RICO statute.  *See* Docket No. 2.  Plaintiffs argues that because state courts have concurrent jurisdiction for federal RICO claims, this matter must be remanded back to state court. While Plaintiffs are correct that state courts have concurrent jurisdiction over RICO claims, *see Tafflin v. Levitt*, 493 U.S. 455, 456 (1990), such fact does not require remand of this action to state court.  *See*, *e.g.*, *Muniz-Savage v. Addison*, 647 Fed. Appx. 899, 903 (10th Cir. 2016); *Nielson v. Soltix*, 41 F.3d 1516 (Table), 1994 WL 589460 (10th Cir. 1994); *Keil v. CIGNA*, 978 F. Supp. 1365 (D. Colo. 1997) ("The fact that state courts may have concurrent jurisdiction does not change this result so as to require remand to the state court.") (citing *Neilson*, 41 F.3d 1516)).  Such a position has been specifically adopted in this District.  *See Quahlity Buds, LLC v. Correa*, 2019 WL 11542361, at *1 (E.D. Okla. Sept. 3, 2019) (state concurrent jurisdiction to consider RICO claims does not render removal improper).[1]   Thus, the fact that Oklahoma state courts have concurrent jurisdiction over Plaintiffs' federal RICO claims does not render removal improper.

---

[1] Because the plaintiff in *Quahlity Buds* subsequently dropped the RICO claim in an amended complaint, the Court exercised its discretion and remanded the case to state court because there was no longer a federal claim.  2019 WL 11542361, at *2.

Plaintiff next argues that removal was defective because Firstar Financial failed to get consent of all defendants as required by 28 U.S.C. § 1446(b)(2)(A). Indeed, "[i]t is a well settled rule that for a removal to be procedurally proper all defendants must consent to removal. The unanimity rule as it is often referred to 'requires that removal must fail unless all defendants join in the removal.' Exceptions exist for the non-joinder of nominal, unknown, unserved or fraudulently joined parties." *Fuller v. Bd of Cnty. Comm'rs of McCurtain Cnty., Okla.*, 2007 WL 2670091, at *1 (E.D. Okla. Sept. 7, 2007) (internal citations omitted). *See also Bryan Marr Plumbing, LLC v. EMCOR Facilities Services, Inc.*, 2020 WL 1043446, at n.2 (E.D. Okla. March 4, 2020) (an unserved defendant and/or a defendant who was allegedly fraudulently joined need not consent to the notice of removal) (citing *Coppedge v. Cabot Norit Americas, Inc.*, 2020 WL 967339, *2 (N.D. Okla. 2020)); *511 Couch LLC v. Travelers Prop. Cas. Co. of America*, 2015 WL 13567456, at *3 (W.D. Okla. Feb. 6, 2015) (citing 16 Moore's Fed. Prac., 107.11[1][d] (Matthew Bender 3d Ed.)). Firstar Financial represents that at the time it removed this action Plaintiffs had not served any Defendant. *See* Docket No. 2, ¶ 5 & No. 15, p. 2. As a result, Firstar Financial waived service and filed the Notice of Removal. *Id*. As such, at the time of removal Firstar Financial was the only party who had been served and none of the other Defendants were required to join in or consent to the removal.

Plaintiffs also claim that there is a lack of complete diversity in this matter because all the Plaintiffs and Defendants are citizens of the State of Oklahoma. *See* Docket No. 11, p. 13. As noted above, Firstar Financial removed this action based on federal-

question jurisdiction under 28 U.S.C. § 1331, not diversity jurisdiction under 28 U.S.C. § 1332.  *See* Docket No. 2.  Therefore, the citizenship or residency of the parties is not relevant.

Plaintiffs lastly reference the fact that five cases are pending in Muskogee County District Court in which Defendant Fort Gibson State Bank[2] and Firstar Bank sued one or more of the Plaintiffs.  *See* Docket No. 11, pp. 11-12.  Plaintiffs do not, however, set forth how or why these cases are related to the instant action or how their pendency supports remand.  Indeed, from the case styles it does not appear that any of these state court cases involve all the same Plaintiffs or Defendants that are parties to the present action.  To the extent Plaintiffs sought to make any argument for abstention or otherwise based on these other cases, they fail to set out any basis for doing so.

Lastly, Firstar Financial argues Plaintiffs' Motion to Remand should be denied because they failed to bring it timely.  Firstar Financial filed its Notice of Removal on July 12, 2024, but Plaintiffs did not file their Motion to Remand until August 13, 2024, or thirty-two days later.  *See* Docket Nos. 2 & 11.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  Because, as noted above, Firstar Financial's removal was proper under 28 U.S.C. § 1331, the undersigned Magistrate Judge declines to address the timing of the Motion to Remand.

---

[2] Fort Gibson Bank has not yet been served in this case.

## Conclusion

Accordingly, for the reasons set forth herein, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Remand [Docket No. 11] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 18th day of September, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**