IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE GAIL CURITS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 24-CV-243-JFH-GLJ |
| | ) |
| FIRSTAR FINANCIAL | ) |
| CORPORATION, et al.*,* | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Firstar Financials' Motion to Quash Service of Fort Gibson State Bank [Docket No. 45]. Plaintiffs filed this action in Muskogee County, Oklahoma, District Court on February 20, 2024, against, inter alios, Firstar Financial Corporation ("Firstar Financial"), Firstar Bank, and Fort Gibson State Bank ("FGSB"). Docket No. 2-1. On July 12, 2024, this action was removed to this Court. Docket No. 2. On September 6, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 18]. On October 9, 2024, a summons was issued for "Ft. Gibson State Bank c/o Firstar Financial Corporation c/o Ed Gage." Docket No. 36. A day later, this summons was served by personal delivery to Edwin Gage, the registered agent for Firstar Financial Corp.[1] Docket No. 45, p. 1. First Star Financial now moves to quash the service of FGSB on the basis that FGSB merged

---

[1] No executed summons has been filed of record. However, Firstar Financial's motion indicates that its registered agent, Edwin Gage, was served on October 10, 2024. Docket No. 45, p. 1.

1

with Firstar Bank and is incapable of being sued. Docket No. 45, p. 1. Plaintiffs did not submit a response in opposition to Firstar Financial's motion. For the reasons set forth below, the Court finds that Firstar Financial's Motion to Quash Service of Fort Gibson State Bank be GRANTED.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 17(b)(2), the capacity of a corporation to be sued is determined by the laws under which it was organized. Fed. R. Civ. P. 17(b)(2). FGSB was organized under the laws of Oklahoma and, thus, Oklahoma law governs whether FGSB lacks the capacity to sue or be sued. Docket Nos. 2-1, p. 10. According to Plaintiff's Petition, FGSB merged with Firstar Bank on October 25, 2019. Docket No. 1-2, ¶¶ 25-26. ("Defendant Firstar Bank is the successor by merger to Fort Gibson State Bank with its principal place of business in Muskogee, Oklahoma Muskogee County. Defendant Fort Gibson State Bank has now merged with Firstar Bank with its principal place of business in Fort Gibson Oklahoma, Muskogee County."). Defendant Firstar Bank admits this allegation. Docket No. 7, p. 10, 35.

"The law in . . . Oklahoma is clear that when two entities merge with one another, Plaintiff must file suit against the surviving entity. The entity that survives the merger is the only entity that has the capacity to be sued." *Dotson v. Energy Future Holdings Corp.*, 2018 WL 2976434 at *10 (W.D. Okla. June 13, 2018); Okla. Stat. tit. 18 § 1088 ("When any merger . . . become[s] effective . . . the separate existence of all the constituent corporations . . . shall cease and the constituent corporations shall become a new corporation[.]"). "Since by statute, corporate existence is terminated on the date of merger

. . . a corporation ceases to exist on merger for all purposes, including service of process, unless the legislature provides otherwise." *Beals v. Washington Intern., Inc.*, 386 A.2d, 1156, 1161 (Del. Ch. 1978) (internal citations omitted). Thus, because Fort Gibson State Bank no longer exists and lacks the capacity to be sued, the service of process on Defendant Fort Gibson State Bank should be quashed. *See Beals*, 386 A.2d at 1161 (quashing the service of process on a non-surviving entity).

## CONCLUSION

Accordingly, for the reasons set forth herein, Firstar Financials' Motion to Quash Service of Fort Gibson State Bank [Docket No. 45] is hereby GRANTED. Further, Plaintiffs are hereby directed to SHOW CAUSE, by December 17, 2024, as to why Defendant Fort Gibson State Bank should not be dismissed from this action.

**IT IS SO ORDERED** this 10th day of December, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**