IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE GAIL CURTIS, *et al.*, <br><br>**Plaintiffs,** <br><br>v. <br><br>FIRSTAR FINANCIAL CORP., *et al.*, <br><br>**Defendants.** | Case No. 24-CV-243-JFH-GLJ |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Gerald L. Jackson. Dkt. No. 64. The Magistrate Judge recommends that the Court grant the motion to dismiss [Dkt. No. 47] filed by Defendants Fort Gibson Bancshares, Inc. and Three Rivers Bankshares, Inc. (collectively "Bankshare Defendants"). *Id.* Plaintiffs timely filed an Objection to the Report and Recommendation. Dkt. No. 68. Bankshare Defendants responded to Plaintiffs' Objection, so this matter is ripe for ruling. Dkt. No. 69. For the following reasons, Plaintiffs' Objection is overruled, the Report and Recommendation is accepted and adopted by this Court, and Bankshare Defendants' motion to dismiss is granted.

**BACKGROUND**

Plaintiffs are former bank customers at Fort Gibson State Bank in Fort Gibson, Oklahoma. Dkt. No. 2-1 at 3. They allege that three individuals—(1) Anthony Stockton, who was the bank's principal, president, and majority shareholder, (2) Matt Hendrix, who was the bank's president after Stockton died, and (3) Susan Chapman, who was the bank's vice-president—used their positions to forge bank documents, make fraudulent advances to customers to cover up stolen funds from other customers, destroy or modify customer records, commit wire, mail, and insurance

1

fraud, and withhold liens and mortgages. Dkt. No. 2-1 at ¶¶ 1-35. According to Plaintiffs, the trio's misconduct resulted in aggregate damages of over $4,700,000. *Id.* at 3.

In addition to suing Stockton, Hendrix, and Chapman, Plaintiffs also sued several other defendants. Some of those defendants include: (1) Fort Gibson State Bank, (2) Firstar Bank (who allegedly merged with Fort Gibson State Bank), (3) Firstar Financial Corporation (who is allegedly Firstar Bank's parent company), and relevant here, (4) Fort Gibson Bankshares, Inc. and (5) Three Rivers Bancshares, Inc. *Id.* at ¶¶ 24-33. Although Plaintiffs' Complaint is unclear on the Bankshare Defendants' relationship to these other entities, it does allege that Stockton had majority ownership of Three Rivers Bankshares, Inc., and that Hendrix was Fort Gibson Bancshares, Inc's principal and service agent. *Id.* at ¶¶ 27-28.

In addition to the above allegations against Stockton, Hendrix, and Chapman, Plaintiffs assert that Fort Gibson State Bank, after merging with Firstar Bank, continued to mail out fraudulent bank statements, filed meritless lawsuits, repossessed collateral of fraudulent loans, and failed to deal in good faith with Plaintiffs. *Id.* at ¶ 35(ww). Plaintiffs further allege that an "insurance company" for Fort Gibson State Bank, Firstar Bank, Firstar Financial Corporation, and the Bankshare Defendants settled Fort Gibson State Bank's claims for money damages resulting from Stockton, Hendrix, and Chapman's misconduct. *Id.* at ¶¶ 35(mm), (xx). Although Fort Gibson State Bank, Firstar Bank, Firstar Financial Corporation, and the Bankshare Defendants received proceeds from this settlement, none of the Plaintiffs did. *Id.* at ¶¶ 35(xx) & (yy).

Ultimately, Plaintiffs sued the above defendants for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961 *et seq.*, and for fraud, breach of contract, and intentional infliction of emotional distress under Oklahoma law. Bankshare Defendants subsequently moved to dismiss Plaintiffs' claims for failure to state a claim [Dkt. No.

47], which the the Magistrate Judge recommended in his Report and Recommendation. Dkt. No. 64. Although Plaintiffs object to the Magistrate Judge's Report and Recommendation, the Court finds no merit in those objections. For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses Plaintiffs' claims against the Bankshare Defendants.

## STANDARD OF REVIEW

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also*, 28 U.S.C. § 636(b)(1). However, any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022). An objection to a recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-00462-PRW, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)). "Mere regurgitation of original arguments does not trigger the Court's obligation to perform de novo review." *United States v. Kirby*, No. 23-CR-026-JFH, 2023 WL 3956685, at *2–3 (E.D. Okla. June 12, 2023).

## DISCUSSION

**I.      Plaintiffs' substantive RICO claim is dismissed.**

Plaintiffs first allege that Bankshare Defendants violated 18 U.S.C. § 1962(c). This statute makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). For this RICO claim to survive dismissal, Plaintiffs must sufficiently allege that each Bankshare Defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Streets Alliance v. Hickenlooper*, 859 F.3d 865, 882 (10th Cir. 2017) (quoting *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

Plaintiffs allege that all of the defendants joined an "association-in-fact enterprise" of which they are all members. Dkt. No. 2-1 at ¶¶41-42. An association-in-fact enterprise under RICO is "a group of persons associated together for a common purpose of engaging in a course of conduct and requires evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1176 (10th Cir. 2019). To satisfy this "enterprise" requirement under § 1962(c), the defendant must be an entity or person who is "distinct" from that enterprise. *Id.* However, the Magistrate Judge did not dismiss Plaintiffs' claims on this basis, and neither party objected to his analysis on this issue. Accordingly, the Court need not analyze this enterprise requirement here.

Instead, the Magistrate Judge dismissed Plaintiffs' § 1962(c) claim because Plaintiffs failed to allege that Bankshare Defendants "conducted the affairs" of the alleged enterprise. Dkt. No. 64 at 11. To satisfy this element, Plaintiffs must allege that each Bankshare Defendant "participate[d] in the operation or management of the enterprise itself" by having "some part in directing" the

enterprise's affairs rather than their own. *George*, 833 F.3d at 1251 (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). But the Magistrate Judge determined that Plaintiffs did not satisfy this requirement because they failed to attribute *any* specific actions to Bankshare Defendants, to Anthony Stockton as Three Rivers Bankshares' majority owner, or to Matt Hendrix as "principal" of Fort Gibson Bancshares. Dkt. No. 64 at 11-12.

To circumvent these deficiencies, Plaintiffs argue in their Objection that Stockton and Hendrix's misconduct should be imputed to Bankshare Defendants based on respondeat superior. Dkt. No. 68. at 6-9. In doing so, they contend that Stockton's majority ownership of Three Rivers Bankshares and Hendrix's principal position at Fort Gibson Banchares makes Bankshare Defendants vicarious liable for their conduct. *Id.* However, Plaintiffs' Complaint alleges that Stockton and Hendrix used their "*association with Fort Gibson Stat Bank*" to defraud its customers and "used their positions as *officers of Fort Gibson State Bank* to hide their fraudulent conduct." Dkt. No. 2-1 at ¶¶ 34, 35(v) (emphasis added). Plaintiffs do not allege that either person committed these actions in their roles with *Bankshare Defendants*.[1]

Furthermore, the majority view of the Tenth Circuit's district courts is that an organization cannot be vicariously liable for its agents, employees, or subsidiaries' RICO violations solely because of the organization's relationship with the actual participants. *See, e.g., Bank v. Rill*, No. 07-CIV-417, 2008 WL 1766730, at *3 (E.D. Okla. Apr. 14, 2008); *OCD Telluride LLC v. Blaney McMurtry LLP*, No. 13-CV-02584, 2016 WL 153120, at *9 (D. Colo. Jan. 13, 2016); *Greyhound*

---

[1] This contrasts with the two cases—*Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994) and *Bloch v. Prudential-Bache Securities*, 707 F. Supp. 189 (W.D. Pa. 1989)— that Plaintiffs cited in their Response. Those cases both involved employees acting within the course of their employment and in furtherance of their employers to commit wrongful acts. But here, Plaintiffs fail to allege that Stockon and Hendrix committed any wrongful acts on Bankshare Defendants' behalf.

5

*Fin. Corp. v. Willyard*, No. 87-CV-0911, 1989 WL 201094, at *24 (D. Utah Dec. 26, 1989); *Beverly Hills Sav. v. Highfield Assocs.*, No. 87-CV-259, 1987 WL 61954, at *4 (D.N.M. Aug. 28, 1987). This is because § 1962(c) "is designed to impose liability upon a corporation which is a perpetrator of illegal activity . . . not upon an unwitting conduit of its employees' RICO violations." *Rill*, 2008 WL 1766730, at *3 (quoting *D & S Auto Parts, Inc. v. Schwartz*, 838 F.2d 964, 967 (7th Cir. 1988)). For this reason, "[a]n employer who is not an active participant in the scheme to defraud cannot be held accountable for its employees' racketeering activities." *Id.*

Although the Tenth Circuit has not specifically ruled on whether an organization may be vicariously liable under RICO, the circuit court's opinion in *Brannon v. Boatmen's First National Bank of Oklahoma* is consistent with these cases. 153 F.3d 1144 (10th Cir. 1998). There, the Tenth Circuit dismissed several RICO claims alleging that a bank holding company was liable for the conduct of its subsidiary bank just because of their parent-subsidiary relationship and because the holding company profited off the bank's fraudulent conduct. *Id.* at 1148. Although the complaint sufficiently alleged that the bank violated RICO, there were no allegations that the holding company participated in the conduct or that the parent-subsidiary relationship allowed the bank to perpetuate or conceal the fraud. *Id.* at 1149. So, the holding company could not be liable for its subsidiary's actions based solely on its parent-subsidiary relationship, even if the parent profited from the wrongful conduct. *Id.* at 1150.

The same reasoning applies here. Bankshare Defendants cannot be vicariously liable for Stockton and Hendrix's misconduct solely because one is a majority owner of Three Rivers Bankshares and the other is a principal of Fort Gibson Banchares. Plaintiffs do not attribute any misconduct to Stockton and Hendrix in their associated roles with Bankshare Defendants, nor do

they allege that Bankshare Defendants themselves participated in any wrongful conduct. Accordingly, Plaintiffs' § 1962(c) claim is dismissed against Bankshare Defendants.

## II. Plaintiffs' RICO conspiracy claim is dismissed.

Plaintiffs also assert a RICO conspiracy claim under 18 U.S.C. § 1962(d). Section 1962(d) makes it illegal "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). However, § 1962(d) "requires that a plaintiff must first allege an independent violation of subsections (a), (b), or (c), in order to plead a conspiracy claim under subsection (d)." *Tal v. Hogan*, 453 F.3d 1244, 1270 (10th Cir. 2006). So, "[i]f a plaintiff has no viable claim under § 1962(a), (b), or (c), then its subsection (d) conspiracy claim fails as a matter of law." *Id.* Because Plaintiffs failed to allege a sufficient claim under § 1962(c) against Bankshare Defendants, Plaintiffs' RICO conspiracy claim must be dismissed as well.

## III. Plaintiffs' state law claims are dismissed.

Finally, Plaintiffs assert claims under Oklahoma law for fraud, breach of contract, and intentional infliction of emotional distress against all of the defendants, including Bankshare Defendants. Dkt. No. 2-1 at 43-46. Bankshare Defendants moved to dismiss these claims, arguing that Plaintiffs failed to allege any specific misconduct attributable to them. Dkt. No. 47 at 7-9. Instead of disputing this point, Plaintiffs argued that Bankshare Defendants were "alter egos" of Anthony Stockton, Matt Hendrix, and Susan Chapman. Dkt. No. 50 at 7. The Magistrate Judge ultimately disagreed with Plaintiffs, and for the following reasons, so does the Court.

To begin, "Oklahoma has long recognized the doctrine of disregarding the corporate entity in certain circumstances." *Fanning v. Brown*, 85 P.3d 841, 846 (Okla. 2004). But unlike traditional veil-piercing cases, where a plaintiff seeks to hold a *shareholder* personally liable for corporate conduct, Plaintiffs seek to hold a *corporation* liable for its shareholder or principal's conduct. Oklahoma courts refer to this theory as "reverse piercing" the corporate veil. *Lind v. Barnes Tag*

7

*Agency, Inc.*, 418 P.3d 698, 607 (Okla. 2018). The Oklahoma Supreme Court has never explicitly recognized reverse piercing in Oklahoma, nor has it "explicitly employed the tool of reverse piercing." *Mattingly L. Firm, P.C. v. Henson*, 466 P.3d 590, 595 (Okla. Civ. App. 2019) (citing *Lind*, 418 P.3d at 607).

Nevertheless, the Oklahoma Court of Civil Appeals has applied reverse piercing in the context of a limited liability company. *Id.* In doing so, the Oklahoma Court of Civil Appeals relied on a list of factors applicable to corporations outlined in *Home-Stake Production Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012 (10th Cir. 1990). *Id.* at 594 n. 3. These factors examine whether: "(1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation[,] or vice versa, (4) corporate formalities are not followed, or (5) the corporation is merely a sham." *Home-Stake Prod. Co.*, 907 F.2d at 1018. The Court will apply those factors here.

Ultimately, Plaintiffs fail to allege any facts that would satisfy even one of these factors. Indeed, Plaintiffs' Complaint is simply devoid of any allegations that Bankshare Defendants are the "alter egos" of Anthony Stockton, Matt Hendrix, and Susan Chapman. Accordingly, Plaintiffs' claims for fraud, breach of contract, and intentional infliction of emotional distress against the Bankshare Defendants are dismissed.

### IV.     Plaintiffs can move for leave to amend their Complaint.

Finally, even though Plaintiffs did not request leave to amend their Complaint to correct these deficiencies, the Magistrate Judge recommended that Plaintiffs be permitted to file a motion seeking leave to amend their Complaint. The Court agrees with the Magistrate Judge. The Court shall allow Plaintiffs to file a *motion* seeking leave to amend their Complaint to address its

deficiencies. Any such motion must be made within fourteen (14) days of this Order and must include a redlined copy of the proposed Amended Complaint as an exhibit.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Objection [Dkt. No. 68] to the Magistrate Judge's Report and Recommendation [Dkt. No. 64] is OVERRULED. The Court ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS Defendants Fort Gibson Bancshares, Inc. and Three Rivers Bankshares, Inc.'s motion to dismiss. Dkt. No. 47.

IT IS FURTHER ORDERED that if Plaintiffs wish to amend their Complaint, they must file a motion seeking leave to do so within fourteen days (14) of this Order.

Dated this 29th day of September 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE